

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2006

# Abdelmessih v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4244

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Abdelmessih v. Atty Gen USA" (2006). *2006 Decisions.* Paper 243.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/243

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-4244

_____

PHILLIP MOUNIR ESKANDER ABDELMESSIH

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A77 039 302)
Immigration Judge Eugene Pugliese

_____

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2006

Before: FUENTES, FISHER and McKAY,* *Circuit Judges.*

(Filed November 6, 2006)

_____

*The Honorable Monroe G. McKay, United States Circuit Judge for the
Tenth Circuit, sitting by designation.

_____

McKAY, *Circuit Judge*.

Petitioner is an Egyptian citizen who overstayed his visitor's visa by a period of seven years. In appropriate proceedings, he was ordered removed after he admitted all relevant factual allegations against him and conceded removability. In an attempt at avoiding removal, he requested asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), all of which were denied by the Immigration Judge ("IJ") and affirmed by the Board of Immigration Appeals ("BIA") without opinion. This appeal challenges those denials.

It is clear that we lack jurisdiction to review the IJ's denial of Petitioner's asylum application because the application was filed more than one year after Petitioner's arrival in the United States. *See* INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Our lack of jurisdiction applies both to the timeliness and to the exception for "extraordinary circumstances," which would excuse late filing. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003); *see also Sukwanputra v. Gonzales*, 434 F.3d 627, 633-35 (3d Cir. 2006) (finding that *Tarrawally* remains good law despite enactment of the REAL ID Act).

For a withholding of removal claim, the applicant must demonstrate a "clear probability" of persecution if removed, *INS v. Stevic*, 467 U.S. 407, 413

(1984); in other words, persecution must be more likely than not, *id.* at 430. To qualify for protection under the CAT, the applicant must demonstrate that it is more likely than not that he will be tortured if removed. *Ayuk Ako Obale v. Attorney Gen. of the United States*, 453 F.3d 151, 161 (3d Cir. 2006). Our review is limited to determining whether the IJ's denial of these claims was supported by substantial evidence.

Petitioner testified at his immigration hearing that he sold cigarettes and liquor in Egypt. He claimed that in 1994 he was threatened by members of the Islamic Jihad, who told him to stop selling alcohol and to convert to Islam. On one occasion, he and his driver were beaten by Islamic Jihad members. Petitioner reported this incident to the police, but they refused to take a report because he was Christian. A doctor treated his injuries but did not write a report because he was afraid to state that he had treated a Christian. In 1995, a man held a knife to Petitioner's neck and told him that he would be killed if he did not convert to Islam. Petitioner agreed to convert, but then stalled the Jihadists for several months until he was able to leave the country.

The IJ concluded that Petitioner had not satisfied the standard for withholding of removal or relief under the CAT. The IJ explained that Petitioner did not provide medical evidence of injuries or any evidence of torture and that he still has relatives who remain in Egypt unharmed. Further, Petitioner did not

3

attempt to relocate in order to avoid the people who were threatening him. More generally, the IJ found that Petitioner's story was vague and fragmented, suggesting that he was not telling the truth. After a thorough and careful review of the record, we are satisfied that substantial evidence supported the conclusion that Petitioner was not entitled to withholding of removal or relief under the CAT.